IMANAKA ASATO, LLLC

STEVEN K.S. CHUNG        1751
MICHAEL L. IOSUA         9851
TIMOTHY E. HO            4526
745 Fort Street Mall, 17th Floor
Honolulu, Hawaii 96813
Telephone No.: (808) 521-9500
Facsimile No.:  (808) 541-9050

Attorneys for Plaintiffs
BRADON K. MOORE and
NINA M. MOORE

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAΓʻI

| | | |
|---|---|---|
| BRADON K. MOORE and<br>NINA M. MOORE,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>ASSOCIATION OF APARTMENT<br>OWNERS OF TERRAZZA/<br>CORTEBELLA/LAS BRISAS/<br>TIBURON, by and through Its Board<br>of Directors, KAPONO F. H.<br>KIAKONA, and PORTER<br>MCGUIRE KIAKONA & CHOW,<br>LLP,<br><br>                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL NO.<br>(Wrongful Foreclosure)<br><br>**COMPLAINT; DEMAND FOR<br>JURY TRIAL** |

## COMPLAINT

Come Now Plaintiffs BRADON K. MOORE and NINA M. MOORE , by and through their undersigned counsel, and for a Complaint against Defendants ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTEBELLA/LAS BRISAS/TIBURON, by and through Its Board of Directors, KAPONO F. H. KIAKONA, and PORTER MCGUIRE KIAKONA & CHOW, LLP,, allege and aver as follows:

1.      This is an action against the defendant homeowner association and its attorney for wrongful foreclosure and violation of the Fair Debt Collections Practices Act.  Defendant homeowner association and its attorney sold plaintiffs' condominium apartment at a public sale, utilizing the process set forth in Section 667-5 ("Part I") of the *Hawai'i Revised Statutes* ("HRS") as amended, despite the fact that the homeowner association did not possess a mortgage containing a power of sale and was not authorized to use Part I.

### JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over plaintiffs' claims pursuant to 28 U.S.C. §1331 as the claim against attorney arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

3.      This Court has personal jurisdiction over defendants because they are citizens of Hawaii and regularly conduct business in this District, and because the

nonjudicial foreclosure took place and involved real property located in this District.  The Court also has supplemental jurisdiction over the state law claims raised in this action pursuant to 28 U.S.C. §1367(a).

4.     The venue is proper in this District pursuant to: (1) 28 U.S.C. §1391(b)(1) in that defendants are located in this State; (2) 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this District; and (3) 28 U.S.C. §1391(b)(3) in that defendants are subject to personal jurisdiction in this District.

## PARTIES

5.     Plaintiffs BRADON K. MOORE and NINA M. MOORE are citizens of the State of Hawaii (collectively, "MOORES").  At the times relevant herein, MOORES owned Apartment No. 162 ("Apartment") of the LAS BRISAS PHASE 14 condominium project located at 91-558 Makalea Street, Ewa Beach, Hawaii, which they purchased on or around July 2004.

6.     Defendant ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/CORTEBELLA/LAS BRISAS/TIBURON ("LAS BRISAS") is a homeowner association organized, existing, and functioning under the laws of the State of Hawai'i, including HRS §§514A and/or 514B, as amended, that managed the LAS BRISAS PHASE 14 condominium project.

7.     Defendants  KAPONO F. H. KIAKONA, and PORTER MCGUIRE

3

KIAKONA & CHOW, LLP,  formerly known as Porter Tom Quitiquit Chee &
Watts, LLP (collectively, "ATTORNEYS") are licensed attorneys doing business
in Hawaii who acted as the attorneys, agents and/or instrumentalities of LAS
BRISAS in all of the matter complained of herein.

## FACTUAL ALLEGATIONS

8.     A power of sale is a contractual provision that allows a creditor to sell
a debtor's home without going to court in the event the debtor defaults on an
obligation secured by the home. A power of sale, also referred to as a nonjudicial
foreclosure, can be abused with draconian consequences for the homeowner.  As a
result, Hawai'i law requires creditors utilizing powers of sale to strictly comply
with all requirements of the power of sale, and the statutes authorizing their use.

9.     At all times relevant herein, Hawai'i law provided two processes for
conducting power of sale or nonjudicial foreclosures.  One was the process set
forth in HRS §§ 667-5 through 667-10, referred to as Part I, which provided little
or no protection for consumers and carried with it the greatest opportunity for
abuse. As a result, Part I could only be used if a mortgage contained a power of
sale, and then only by a mortgagee, the mortgagee's successor in interest, or a
person authorized by the power of sale to act in the premises. The other was Part
II, the Alternate Power of Sale Foreclosure Process codified at HRS §§667-21
through 667-42. Part II contained significantly greater protections for consumers

than Part I.

10.    Before its repeal in 2012, Part I was an expedited power-of-sale

process that could only be used by a creditor holding a mortgage containing a

power of sale.  To use Part I, the creditor had to give the notices and perform the

acts required by the power of sale in the mortgage, publish notice regarding the

public sale once a week for three successive weeks, and to hold the public sale no

less than 14 days after the last publication. A nonjudicial foreclosure under Part I

did not extinguish the debt if the mortgagee did not receive payment of all amounts

owed.

11.    In contrast, Part II provided homeowners reasonable time and

opportunity to save their homes from foreclosure and protected them from

improper and oppressive collection practices.  For example, Part II required one

intending to proceed with a nonjudicial foreclosure to serve the homeowner with a

written notice of default in the same manner as service of process and to provide at

least 60 days to cure the default.  If the default was not cured, a public sale could

occur only after the later of 60 days after distribution of notice of the sale or not

less than 14 days after the date of the third public notice of the notice of sale.

Moreover, under Part II, the conveyance document had to be signed by the

homeowner, and the nonjudicial foreclosure operated as full satisfaction of the

debt, even if the foreclosing mortgagee received nothing from the sale proceeds.

12.     Sometime prior to April 28, 2011, LAS BRISAS engaged ATTORNEYS in a principal-agent relationship to collect common assessments for the Apartment that were delinquent, and ATTORNEYS filed a notice of lien for unpaid assessments against the Apartment.

13.     At no time herein did LAS BRISAS hold a mortgage containing a power of sale.  Nevertheless, ATTORNEYS, acting as agents for and/or on behalf of LAS BRISAS, sent communications to MOORES and published notices in a newspaper representing that LAS BRISAS was authorized to and would sell the Apartment at a public sale pursuant to Part I on April 28, 2011.

14.     On March 11, 2011, ATTORNEYS then conducted a public sale under Part I and sold the Apartment to LAS BRISAS for One Dollar and/or nominal consideration.  Thereafter, on or about May 12, 2011, ATTORNEYS filed an affidavit under oath at the Bureau of Conveyances for the State of Hawaii certifying compliance with all requirements of Part I.  On or about May 24, 2011, LAS BRISAS and/or ATTORNEYS recorded an Association's Quitclaim Deed in the Bureau of Conveyances conveying the Apartment to LAS BRISAS.  The Association's Quitclaim Deed stated in pertinent part that LAS BRISAS had the right to foreclose its lien and sell the Apartment pursuant to HRS § 514B-146 and Part I.

15.     At no time did LAS BRISAS or ATTORNEYS have the right to use

6

Part I.

16.    LAS BRISAS and ATTORNEYS used Part I in order to avoid judicial
scrutiny which a foreclosure by action would have entailed and/or compliance with
the consumer protection provisions contained in Part II.

17.    LAS BRISAS and ATTORNEYS concealed the wrong being
committed by misrepresenting that LAS BRISAS was authorized to conduct
nonjudicial foreclosures or public sales under Part I in communications sent to
MOORES, notices published in a newspaper, the affidavit filed in the Bureau of
Conveyances, and the Association's Quitclaim Deed that was recorded in the
Bureau of Conveyances.

18.    The aforesaid communications, notices, affidavit, and deed were false
as LAS BRISAS did not hold a mortgage containing a power of sale as Part I
required.

19.    As a member of LAS BRISAS, MOORES were entitled to rely and
did rely on the representations made by LAS BRISAS and/or ATTORNEY
concerning the right to use Part I.

20.    MOORES could not reasonably have discovered and did not discover
that LAS BRISAS did not have the power of sale required by Part I or the right to
use Part I until sometime in 2016.

21.    LAS BRISAS and ATTORNEYS fraudulently concealed the wrong

being committed and the claims that arose in favor of MOORES by misrepresenting their authority to use Part I.

22.    The statutes of limitations applicable to MOORES' claims were tolled by the discovery rule or HRS § 667-20, and to the extent, they were not tolled in that manner MOORES requests that equitable tolling be applied.

## COUNT I
### (Conversion and/or Wrongful Foreclosure)

23.    For their first claim for relief, MOORES incorporate by reference all of the preceding allegations of this Complaint.

24.    The use of Part I to sell the Apartment was unlawful, wrongful and/or invalid, and constitutes the theft and/or conversion of the Apartment and all of its economic benefits.

25.    MOORES were shocked and traumatized by the unlawful sale of the Apartment.

26.    LAS BRISAS was wrongfully and unjustly enriched as a result of the above.

27.    MOORES seek and request recovery against LAS BRISAS for the injury they sustained, including rescission, restitution, the disgorgement of unlawful gains, actual, special, general, compensatory and punitive damages, together with costs of court and attorney's fees, and for such further and general relief to which they may be entitled.

8

## COUNT II
### (Violation of the Fair Debt Collection Practices Act)
### by ATTORNEYS

28.     MOORES hereby incorporate by reference all of the allegations

contained in the preceding paragraphs of this Complaint.

29.     MOORES seek and request recovery under the Fair Debt Collection

Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA") against ATTORNEYS.

30.     On information and belief, MOORES allege that at all times relevant

herein, ATTORNEYS were debt collectors, acting as the agent and/or

instrumentality of LAS BRISAS, who routinely demanded sums of money and

attempted to collect said sums of money by sending letters, publishing notices,

filing affidavits and recording quitclaim deeds falsely stating that they or their

clients were authorized to use Part I to collect delinquent homeowner assessments.

31.     ATTORNEYS violated Section 1692f of the FDCPA, which prohibits

the use of unfair or unconscionable means to collect or attempt to collect any debt

by attempting to collect monies from MOORES by using Part I instead of Part II.

32.     As a result of ATTORNEYS' violations of the FDCPA, MOORES are

entitled pursuant to 15 U.S.C. §1692k to actual damages, statutory damages, and

the costs of this action, together with attorneys' fees.

WHEREFORE, MOORES pray for a judgment in their favor:

A.     Awarding MOORES actual, compensatory, statutory, special, general

9

and punitive damages against LAS BRISAS and ATTORNEYS as appropriate;

      B.      Awarding MOORES rescission, restitution and/or disgorgement of the Apartment and the revenue and/or economic benefits that LAS BRISAS unlawfully and/or wrongfully acquired;

      C.      Awarding MOORES pre- and post-judgment interest;

      D.      Awarding MOORES attorneys' fees and costs of suit; and

      E.      Awarding MOORES such other and further relief as this Court may deem just and proper.

      DATED: Honolulu, Hawaii, July 9, 2019.

                      /s/ Timothy E. Ho
                      STEVEN K.S. CHUNG
                      MICHAEL L. IOSUA
                      TIMOTHY E. HO
                      Attorneys for Plaintiffs
                      BRADON K. MOORE and
                      NINA M. MOORE

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| BRADON K. MOORE and<br>NINA M. MOORE,<br><br>      Plaintiffs,<br><br>vs.<br><br><br>ASSOCIATION OF APARTMENT<br>OWNERS OF TERRAZZA/<br>CORTEBELLA/LAS BRISAS/<br>TIBURON, et al,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO.<br>(Wrongful Foreclosure)<br><br>**DEMAND FOR JURY TRIAL** |

## DEMAND FOR JURY TRIAL

Come Now Plaintiffs BRADON K. MOORE and NINA M. MOORE, by and through their undersigned counsel, and request a trial by jury on all issues triable of right by jury in this action.  This demand is made pursuant to Rule 38 of the *Federal Rules of Civil Procedure*.

DATED: Honolulu, Hawaii, July 9, 2019.

/s/ Timothy E. Ho
STEVEN K.S. CHUNG
MICHAEL L. IOSUA
TIMOTHY E. HO
Attorneys for Plaintiffs
BRADON K. MOORE and
NINA M. MOORE