COX, WOOTTON, LERNER, GRIFFIN & HANSEN LLP

DUANE R. MIYASHIRO          6513
  Email: dmiyashiro@cwlfirm.com
JAMIE C. S. MADRIAGA        9769
  Email: jmadriaga@cwlfirm.com
841 Bishop Street, Suite 1099
Honolulu, Hawaii 96813
Phone: (808) 744-7020
Fax: (808) 354-0427

Attorneys for Defendants
PORTER MCGUIRE KIAKONA & CHOW, LLP and
KAPONO F. H. KIAKONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| BRANDON K. MOORE and NINA M. MOORE,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTEBELLA/LAS BRISAS/ TIBURON, by and through Its Board of Directors, KAPONO F. H. KIAKONA, and PORTER MCGUIRE KIAKONA & CHOW, LLP,<br><br>Defendants. | CIVIL NO. CV 19-1-00363 DKW-RT (Wrongful Foreclosure)<br><br>DEFENDANTS PORTER MCGUIRE KIAKONA & CHOW, LLP AND KAPONO F. H. KIAKONA'S **ANSWER** TO COMPLAINT FILED JULY 9, 2019 [DKT. NO. 1]; CERTIFICATE OF SERVICE<br><br><br>Judge: Hon. Derrick K. Watson |

**DEFENDANTS PORTER MCGUIRE KIAKONA & CHOW, LLP
AND KAPONO F. H. KIAKONA'S ANSWER TO COMPLAINT
<u>FILED JULY 9, 2019 [DKT. NO. 1]</u>**

Defendants PORTER MCGUIRE KIAKONA & CHOW, LLP ("**PMKC**")

and KAPONO F. H. KIAKONA ("**Kapono**") (collectively "**Defendants**"), by and through their attorneys, Cox, Wootton, Lerner, Griffin & Hansen LLP, answer Plaintiffs Brandon K. Moore and Nina M. Moore (collectively "**Plaintiffs**") Complaint, filed July 9, 2019 [Dkt. No. 1] (the "**Complaint**") as follows:

1. In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiffs make certain allegations in the Complaint and that PMKC has conducted a nonjudicial foreclosure on behalf of Defendant Association of Apartment Owners of Terrazza/Cortebella/Las Brisas/Tiburon (the "**AOAO**"). Defendants deny that a wrongful or unlawful nonjudicial foreclosure occurred. Paragraph 1 also consists of conclusions of law that do not require an admission or denial. To the extent that an admission or denial is required, Defendants deny these allegations.

2. Defendants deny the allegations contained in Paragraphs 2, 17, 18, 21, 24, 30, 31 and 32 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Defendants admit PMKC and Kiakona are citizens of Hawaiʻi, PMKC conducts business in Hawaiʻi, and that the foreclosure at issue occurred in Hawaiʻi. Paragraph 3 also consists of conclusions of law that do not require an admission or denial. To the extent that an admission or denial is required, Defendants deny these allegations.

4. In response to Paragraph 4 of the Complaint, Defendants admit PMKC and Kiakona are citizens of Hawaiʻi. Paragraph 4 also consists of

conclusions of law that do not require an admission or denial. To the extent that an admission or denial is required, Defendants deny these allegations.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 5, 20, 25 and 26 of the Complaint.

6. In response to Paragraph 6 of the Complaint, Defendants admit that the AOAO is a homeowner's association existing under the provisions of Chapters 514A and 514B, Hawai'i Revised Statutes, as amended.

7. In response to Paragraph 7 of the Complaint, Defendants admit that PMKC is a law firm, Kapono is licensed to practice law in Hawai'i, and that Defendants represented the AOAO in foreclosure matters. Paragraph 7 also consists of conclusions of law that do not require an admission or denial. To the extent that an admission or denial is required, Defendants deny these allegations.

8. Paragraph 8 of the Complaint consists of argument, opinion, or conclusions of law and does not require an admission or denial. To the extent that an admission or denial is required, Defendants deny these allegations.

9. In response to Paragraph 9 of the Complaint, Defendants admit to the existence of Hawai'i Revised Statutes governing nonjudicial foreclosure, including Part I, §§ 667-1 through 667-10 (repealed in 2011) ("**Part I**"); and Part II, §§ 667-21 through 667-42 (amended in 2012) ("**Part II**"). To the extent that Plaintiffs

have accurately identified the statutes, Defendants admit that the statutes speak for themselves and deny Plaintiffs' characterization of these statutes. Paragraph 9 also consists of opinion, arguments, or conclusions of law and does not require an admission or denial. To the extent that an admission or denial is required, Defendants deny these allegations.

10. In response to Paragraph 10 of the Complaint, to the extent that Plaintiffs have accurately identified Part I, Defendants admit that the statutes speak for themselves and deny Plaintiffs' characterization of these statutes. Paragraph 10 also consists of opinion, arguments, or conclusions of law and does not require an admission or denial. To the extent that an admission or denial is required, Defendants deny these allegations.

11. In response to Paragraph 11 of the Complaint, to the extent that Plaintiffs have accurately identified Part II, Defendants admit that the statutes speak for themselves and deny Plaintiffs' characterization of these statutes. Paragraph 11 also consists of opinion, arguments, or conclusions of law and does not require an admission or denial. To the extent that an admission or denial is required, Defendants deny these allegations.

12. In response to Paragraphs 12, 13 and 14 of the Complaint, Defendants admit that the AOAO retained PMKC to conduct a nonjudicial foreclosure of Plaintiffs' Apartment, PMKC provided notice in compliance with the nonjudicial

foreclosures statutes, PMKC conducted a public sale of the Apartment on April 28, 2011, PMKC filed an affidavit of foreclosure on May 12, 2011 pertaining to the public sale of the Apartment, and on May 24, 2011 PMKC recorded a Quitclaim Deed conveying the Apartment to the AOAO. To the extent that Plaintiffs have accurately identified the documents, Defendants admit that the documents speak for themselves. Paragraphs 12, 13 and 14 also consist of conclusions of law and does not require an admission or denial. To the extent that an admission or denial is required, Defendants are without sufficient information and knowledge to form a belief as to the truth of the remaining allegations and deny these allegations.

13. Paragraphs 15, 16, 19 and 22 of the Complaint consist of arguments and do not require an admission or denial. To the extent that an admission or denial is required, Defendants deny these allegations.

14. In response to Paragraph 23 of the Complaint, Defendants repeat and incorporate their responses to the preceding allegations of the Complaint as though fully set forth herein.

15. Paragraphs 27 and 29 of the Complaint do not require an admission or denial.

16. In response to Paragraph 28 of the Complaint, Defendants repeat and incorporate their responses to the preceding allegations of the Complaint as though fully set forth herein.

## AFFIRMATIVE DEFENSES

17. The Complaint fails to state a claim against Defendants upon which relief can be granted.

18. Plaintiffs' Complaint fails for failure to join a necessary or indispensable party.

19. Plaintiffs are barred from maintaining this action against Defendants based upon the doctrines of waiver, estoppel, laches, unclean hands, or any or all of those.

20. Defendants' conduct did not contribute to or was not the legal cause of Plaintiffs' alleged injuries or damages, if any.

21. Any damages or losses sustained by Plaintiffs was caused by the acts or omissions of Plaintiffs or others, and not by the acts or omissions of Defendants.

22. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

23. Plaintiffs' claims are barred by Hawaiʻi law under SB551, CD1 of 2019 also known as Act 282.

24. Without admitting that Defendants engaged in any acts, conducts, or statements alleged by Plaintiffs, Defendants assert that any acts, conducts or statements that may have been engaged in by Defendants were reasonable,

justified, in good faith, taken with due care, and believed to be in accordance with federal law or the laws of the State of Hawaiʻi.

25. Defendants complied with all applicable laws and rules.

26. Plaintiffs' claims are barred or limited because of the absence of any prejudice.

27. Plaintiffs' claims are barred or limited because of the absence of privity and/or control.

28. Defendants reserves the right to bring in additional parties as may become apparent through additional investigation and discovery.

29. Plaintiffs failed to take reasonable steps to mitigate damages, if any.

30. Plaintiffs' alleged damages are too speculative to permit recovery.

31. Plaintiffs failed to pursue alternative dispute resolution.

32. Plaintiffs owed a valid debt, failed to propose a reasonable payment plan, failed to cure the default on the debt, and/or pursue any other available remedies to prevent valid nonjudicial foreclosures.

33. Plaintiffs' claims are barred or limited because Defendants did not breach any duty to Plaintiffs, its decisions and actions were not made or committed in an arbitrary manner or in bad faith, and proper notice was provided to Plaintiffs.

34. Nonjudicial foreclosures are not actions to collect a debt for purposes of the FDCPA.

35. Defendants are not "debt collectors" under the FDCPA.

36. Plaintiffs' claims are barred by rules limiting attorney liability, including privileges and the absence of a duty.

37. Plaintiffs' claims are barred in whole or in part by the attorney judgment rule.

38. Plaintiffs fail to allege any facts or any legal theory sufficient to entitle Plaintiffs to costs of suit herein, recovery of an award of attorneys' fees, punitive damages, or any or all of those.

39. The amount of punitive damages sought is excessive and disproportionate to Defendants' alleged conduct in violation of the United States Constitution, Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1, and the Constitution of the State of Hawaiʻi, Due Process Clause of Article I, Section 5.

40. Defendants reserve the right to assert additional defenses, claims, and counterclaims as may become apparent through additional investigation and discovery.

41. Defendants give notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense in accordance with Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants pray for relief as follows:

1. that the Complaint be dismissed with prejudice;

2. that judgment be entered against Plaintiffs and in favor of Defendants;

3. that Defendants be awarded their attorneys' fees and costs; and

4. for such other relief as the Court may deem just and proper.

DATED: Honolulu, Hawai'i, August 13, 2019.

/s/ Duane R. Miyashiro
DUANE R. MIYASHIRO
JAMIE C. S. MADRIAGA

Attorneys for Defendant
PORTER MCGUIRE KIAKONA &
CHOW, LLP and KAPONO F. H.
KIAKONA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| BRANDON K. MOORE and NINA M. MOORE,<br><br>    Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTEBELLA/LAS BRISAS/ TIBURON, by and through Its Board of Directors, KAPONO F. H. KIAKONA, and PORTER MCGUIRE KIAKONA & CHOW, LLP,<br><br>    Defendants. | CIVIL NO. CV 19-1-00363 DKW-RT<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was duly served electronically through CM/ECF upon the following parties:

STEVEN K. S. CHUNG, ESQ.      schung@imanaka-asato.com
MICHAEL L. IOSUA, ESQ.      miosua@imanaka-asato.com
TIMOTHY E. HO, ESQ.      tho@imanaka-asato.com
745 Fort Street Mall, 17th Floor
Honolulu, Hawaii 96813

Attorneys for Plaintiffs
BRANDON K. MOORE and
NINA M. MOORE

DATED: Honolulu, Hawaiʻi, August 13, 2019.

/s/ Duane R. Miyashiro
DUANE R. MIYASHIRO
JAMIE C. S. MADRIAGA

Attorneys for Defendant
PORTER MCGUIRE KIAKONA &
CHOW, LLP and KAPONO F. H.
KIAKONA