IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRADON K. MOORE and<br>NINA M. MOORE,<br><br>          Plaintiffs,<br>  vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/ CORTEBELLA/LAS BRISAS/ TIBURON, by and through Its Board of Directors, KAPONO F.H. KIAKONA, and PORTER MCGUIRE KIAKONA & CHOW, LLP,<br><br>          Defendants.<br>_____ | CIVIL NO. 1:19-cv-00363-DKW-RT<br><br>CROSS-CLAIM AGAINST KAPONO F. H. KIAKONA and PORTER MCGUIRE KIAKONA & CHOW, LLP |

CROSS-CLAIM AGAINST KAPONO F. H. KIAKONA and PORTER MCGUIRE KIAKONA & CHOW, LLP

Defendant ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/CORTEBELLA/LAS BRISAS/TIBURON ("Association"), by and through its attorneys, Bays Lung Rose & Holma, hereby submits its Cross-claim against Defendants KAPONO F. H. KIAKONA and PORTER MCGUIRE KIAKONA & CHOW, LLP (collectively, the "Attorneys"), and hereby alleges as follows:

**THE PARTIES**

      1.    The ASSOCIATION OF APARTMENT OWNERS OF TERRAZZA/CORTEBELLA/LAS BRISAS/TIBURON ("Association") is a non-

886040.1

profit entity organized under Hawaii Revised Statutes ("HRS") Chapters 514A and 514B and operates for the purpose of managing the Terrazza/Cortebella/Las Brisas/Tiburon condominium project (the "Project").

2. Defendant KAPONO F. H. KIAKONA is and was, at all relevant times, a citizen of the State of Hawaii and an attorney licensed to practice law in the State of Hawaii.

3. Defendant PORTER MCGUIRE KIAKONA & CHOW, LLP is and was, at all relevant times, a law partnership organized under the laws of the State of Hawaii.

4. Defendants KAPONO F. H. KIAKONA and PORTER MCGUIRE KIAKONA & CHOW, LLP are collectively referred to herein as the "Attorneys."

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter under 28 U.S.C. § 1367 because the claims are so related to the claims in the underlying action and because the Court has proper jurisdiction over those claims.

6. Venue properly lies in this Court under 28 U.S.C. § 1391 because the Attorney's acts or omissions giving rise to the Association's cross-claims occurred within this district, the contract that is the subject of this action was negotiated in this District, and the property that is the subject of the underlying action is located in this District.

886040.1

## FACTUAL ALLEGATIONS

7. The Plaintiffs in the underlying lawsuit are Brandon K. Moore and Nina M. Moore (collectively, "Plaintiffs").

8. On July 9, 2019, Plaintiffs commenced this action by filing the Complaint.

9. The Complaint arises from factual allegations related to Plaintiffs' purchase of a condominium unit and the subsequent nonjudicial foreclosure on the same condominium unit.

10. Upon information and belief, in or around July 2004, Plaintiffs purchased Apartment No. 162 in the Project, located at 91-558 Makalea Street, Ewa Beach, Hawaii (the "Unit").

11. At certain times after purchasing the Unit, Plaintiffs failed to stay current on their financial obligations with respect to the Unit.

12. Plaintiffs fell behind and owed to the Association monthly dues and assessments for the Unit (the "Delinquency").

13. As of April 2011, the Association had engaged the Attorneys to provide professional services to the Association based on the Attorneys' represented qualifications and expertise, including, but not limited to, with respect to collection procedures.

14. The Attorneys accepted the engagement and formed an attorney-client relationship with the Association.

3

886040.1

15. As a result of the Delinquency, the Association referred the matter to the Attorneys based entirely on the Attorneys' representations regarding the appropriate collection methods.

16. The Attorneys prepared and filed a notice of lien for unpaid assessments against the Unit. The Association did not substantively draft or prepare any documentation related to the same.

17. Although the Association engaged the Attorneys to provide legal consulting with respect the Unit and Plaintiffs' Delinquency, at no time did the Attorneys become an employee of the Association.

18. Instead, the Attorneys were always free from any control or direction of the Association over the performance of the legal services rendered for the method of collection.

19. During the course of this representation, the Attorneys advised the Association that they would be using a "nonjudicial foreclosure" as the sole collection method for the Unit under HRS Chapters 667, 514A, and/or 514B.

20. Based on the Attorneys' professional and legal advice and recommendations, the Attorneys did the following things as part of the engagement with the Association:

    a. In accordance with their recommendations, the Attorneys' recorded a lien on the Unit for the Delinquency;

886040.1

    b. On or about March 11, 2011, the Attorneys conducted a public sale of the Unit pursuant to HRS Chapters 667 and 514B;

    c. The Attorneys processed and submitted the winning bid for the Unit at the public sale for the Association; and

    d. The Attorneys drafted documents reflecting that the Association obtained title to the Unit via a quitclaim deed that was recorded on or around March 1, 2011.

  21. The Attorneys prepared, submitted, and filed all documents related to the Part I non-judicial foreclosure of the Unit that the Attorneys represented were required or related to the lien, nonjudicial foreclosure, and transaction of the Unit that resulted in the Association's current ownership of the Unit.

  22. The Attorneys acted negligently, with reckless disregard, or intentionally when they failed to properly advise the Association and/or warn prior to the commencement of the non-judicial foreclosure on the Unit as follows:

    a. That the Association did not have a valid power of sale with the Plaintiffs and for the Unit;

    b. That the Association did not have a contractual power of sale with the Plaintiffs and for the Unit;

    c. That the Association did not hold a mortgage with a power of sale;

886040.1

        d.      Of the risks associated with executing a nonjudicial foreclosure of the Unit under HRS Chapter 667;

        e.      That there was no statutory grant of power of sale to the Association under HRS Chapters 667, 514A, 514B, or any other Hawaii law or statute;

        f.      That in order to lawfully conduct a nonjudicial foreclosure under Hawaii law for the Unit, the Association must have had a valid contractual power of sale or mortgage with the Plaintiffs for the Unit;

        g.      That no such power of sale is in the Association's bylaws or other governing documents; and

        h.      If the Association conducted a nonjudicial foreclosure of the Unit, the Association could be sued by the Plaintiffs or found liable to the Plaintiffs for claims related to and/or arising from the nonjudicial foreclosure, including but not limited to damages, return of the property, and/or other such relief as this Court may award.

23.     The Attorneys also failed to research and/or warn the Association of the laws and/or judicial opinions from other jurisdictions in order to advise the Association of the above-stated risks.

24.     The Attorneys represented, without caution, that non-judicial foreclosure was the appropriate collection method because it resulted in Attorneys' own financial gain and to the detriment of the Association.

886040.1

25. In response to the nonjudicial foreclosure described herein, the Plaintiffs filed the Complaint alleging claims against the Association for "conversion and/or wrongful foreclosure."

26. The Plaintiffs seeks numerous remedies against the Association, including recession, restitution, the disgorgement of unlawful gains, actual, special, general, compensatory and punitive damages, attorneys' fees, and for such further and general relief to which they may be entitled to.

27. A nonjudicial foreclosure of the Unit would never have been conducted but for the Attorneys' professional advice and recommendations to do so.

28. A nonjudicial foreclosure of the Unit would never have been conducted but for the Attorneys' failures to properly advise and warn Association of the legal requirements under Hawaii law to conduct a nonjudicial foreclosure.

29. A nonjudicial foreclosure of the Unit would never have been conducted but for the Attorneys' failure to advise or warn the Association of the risks that it could be sued and/or found liable to the Plaintiffs for doing so.

30. The Attorneys failed to uphold the duties and obligations owed to the Association as its attorneys.

31. The Attorneys' negligent, reckless, and/or intentional failures with respect to the use of Part I non-judicial foreclosure were established as a matter of law by the Hawaii Supreme Court on June 17, 2020, putting the

7

886040.1

Association on notice and forcing the Association to file this action against the Attorneys.

## COUNT I
### (PROFESSIONAL NEGLIGENCE OR MALPRACTICE)

32. The Association incorporates by reference all preceding allegations in this Cross-Claim.

33. The Association formed an attorney-client relationship with the Attorneys for a scope of services related to the Unit, the Delinquency, and potential remedies available to the Association to cure the Delinquency.

34. The Attorneys owed contractual, professional, statutory, and common law duties to the Association to provide professional legal services that satisfied those standards.

35. The Attorneys owed professional duties to the Association to, among other things, provide an assessment and/or warning with respect to whether the Association could lawfully conduct a nonjudicial foreclosure on the Unit under Hawaii law.

36. The Attorneys breached their duties to the Association as described herein, including, but not limited to, the Attorneys' failure to properly warn the Association of the risks for conducting a nonjudicial foreclosure on the Unit, and by recommending that the Association conduct the nonjudicial foreclosure.

886040.1

37. A nonjudicial foreclosure on the Unit would not have been conducted but for the Attorneys' advice and recommendations.

38. The Association would not have been sued by the Plaintiffs but for the Attorneys' advice and recommendations.

39. As a result, the Attorneys are the direct and proximate cause of the Association's damages, which will be proven at trial.

## COUNT II
### (NEGLIGENT MISREPRESENTATION)

40. The Association incorporates by reference all preceding allegations in this Cross-claim.

41. The Attorneys represented and marketed themselves to the Association as having professional expertise and experience with representing condominium associations collect unpaid dues such as the Delinquency.

42. The Attorneys represented and marketed themselves to the Association as having expertise and experience with nonjudicial foreclosures under Hawaii law.

43. The Attorneys represented and marketed themselves to the Association as being able to conduct all the necessary steps for lawful nonjudicial foreclosure of the Unit.

44. The Attorneys owed duties of care to the Association, including the duty to provide truthful and accurate information to the Association during the course of these representations and marketing efforts.

45. The Attorneys breached the duties they owned to the Association through the conduct described in this Cross-claim, including, but not limited to, the Attorneys' negligent failure to accurately describe their expertise, experience, or ability to lawfully conduct a nonjudicial foreclosure on the Unit.

46. The Attorneys breached their duties to the Association by negligently failing to accurately describe the requirements under Hawaii law for conducting a nonjudicial.

47. The Attorneys breached their duties to the Association by negligently conducting the nonjudicial foreclosure in a manner that was not lawful under Hawaii law.

48. As described above, the Attorneys also owed duties to the Association as their client; the Attorneys breached these duties as well through the conduct described in this Cross-claim.

49. As a direct, foreseeable, and proximate result of the Attorneys' negligence, the Association has suffered damages in an amount to be proven at trial.

886040.1

## COUNT III
## (FRAUD)

50. The Association incorporates by reference all preceding allegations in this Cross-claim.

51. The Attorneys provided information to the Association that the Attorneys knew to be false, omitted to provide information that the Attorneys knew to be true and the omission was material, and/or the Attorneys provided information to the Association with reckless disregard for the truth or falsity of the information.

52. Sometime prior to April 2011, during the Attorneys' marketing efforts to the Association, the Attorneys intentionally mislead or falsely represented to the Association information about the Attorneys' experience or qualifications, ability to lawfully collect the Delinquency, and/or the availability or requirements of a nonjudicial foreclosure as a remedy under Hawaii law.

53. The false or intentionally misleading information, or omission of information, that was conveyed during the Attorneys' marketing effort was provided through face-to-face conversations with Association board members, telephone conversations with board members, during board meetings with the Association, and through other writings and emails.

54. Sometime after the Attorneys were engaged by the Association, the Attorneys again provided information that was false or intentionally misleading,

11

886040.1

through either affirmative statements or by omission, with respect to the Attorneys' ability to conduct a lawful non-judicial foreclosure on the Unit, the requirements for a lawful nonjudicial foreclosure, or the Association's potential liability that could arise from a nonjudicial foreclosure.

55. The false or intentionally misleading information, or omission of information, that occurred sometime prior to April 2011, was conveyed through face-to-face conversations with Association board members, telephone conversations with board members, during board meetings with the Association, and in other writings and emails.

56. The Association reasonably and justifiably relied upon the Attorneys' misrepresentations in forming the attorney-client relationship with the Attorneys, and engaging the Attorneys to assist in collection of the Delinquency.

57. As a direct, foreseeable, and proximate result of the Attorneys' fraudulent conduct, the Association has suffered damages in an amount to be proven at trial.

COUNT IV
(UNFAIR AND DECEPTIVE ACTS AND PRACTICES)

58. The Association incorporates by reference all preceding allegations in this Cross-claim.

59. Under HRS Chapter 480, unfair and deceptive acts and practices are prohibited and may be brought by a consumer.

886040.1

60. Chapter 480 prohibits conduct that is unfair, offends established public policy, or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

61. Under Hawaii law, including HRS § 514B-104, the Association is a "consumer" as that term is used in HRS Chapter 480.

62. The Attorneys' conduct, as described in this Cross-claim, violated Chapter 480, including, but not limited to, the Attorneys' failure to advise and warn the Association of the risks of conducting a nonjudicial foreclosure, the lawful requirements of conducting a nonjudicial foreclosure, and in recommending that the Association conduct a nonjudicial foreclosure on the Unit.

63. As a result of the Attorneys' conduct that constitutes a violation of Chapter 480, the Association's property and its ability to manage the Project has suffered injury and damages.

64. As a direct and proximate result of the Attorneys' unfair and deceptive acts and practices, the Association is entitled to recover treble damages, costs, and reasonable attorneys' fees.

## COUNT V
### (EQUITABLE INDEMNITY, SUBROGATION, AND CONTRIBUTION)

65. The Association incorporates by reference all preceding allegations in this Cross-claim.

13

66. Plaintiffs allege that the nonjudicial foreclosure of the Unit, that resulted in the Association's ownership of the Unit, did not comply with Hawaii law.

67. Plaintiffs allege that as a result of the nonjudicial foreclosure, Plaintiffs have suffered damages, and Plaintiffs seek monetary damages and equitable remedies from the Association.

68. However, the Association's only conduct was to hire and engage the Attorneys, who promised the Association that the Attorneys had experience and expertise in this field.

69. The Attorneys recommended the course of action that resulted in the nonjudicial foreclosure as well as doing every act that resulted in the nonjudicial foreclosure, including, but not limited to, drafting and filing all documents related to the nonjudicial foreclosure, and administrating the public sale.

70. The Attorneys knew, or should have known, that the Association would rely and act on the Attorneys' advice and recommendations.

71. As described in this Cross-claim, the Association did rely on the Attorneys' advice and recommendations and the actions taken by the Association were in reliance on the Attorneys' professional advice and recommendations.

72. The Association's wrongful actions, if any, are therefore secondary or passive to the Attorneys' actions, which are primary and active.

73. Therefore, if the Association is found liable to Plaintiff, the Association's liability is secondary and passive, as opposed to the Attorneys' liability, which is primary and active, and therefore the Association is entitled to common law indemnification, subrogation, and/or contribution from the Attorneys.

## COUNT VI
## (FEES AND COSTS PURSUANT TO UYEMURA v. WICK)

74. The Association incorporates by reference all preceding allegations in this Cross-claim.

75. As a result of the wrongful acts by the Attorneys, as described above, the Association incurred attorneys' fees and costs in this litigation that were the natural and necessary consequences of the Attorneys' conduct.

76. Pursuant to Uyemura v. Wick, 551 P.2d 171, 176 (Haw. 1976), and its progeny, the Attorneys are liable to the Association for its attorneys' fees and costs in an amount to be proven at trial.

## COUNT VII
## (DECLARATORY RELIEF)

77. The Association incorporates by reference all preceding allegations in this Cross-claim.

78. In a related case, Galima v. AOAO Palm Court, Civil No. 16-00023 LEK-KSC, the United States District Court for the District of Hawaii determined that affirmative defenses based on the "Independent Contractor Rule"

15

and the "Business Judgment Rule" are available to the Association under a similar set of factual allegations.

79. Here, the Attorneys were independent contractors because, among other reasons, the Attorneys provided professional legal services to the Association free of control or direction by the Association, the Attorneys were free to conduct their work in their own way, the Attorneys' business typically provided these same types of legal services, the Attorneys provided the legal services to the Association in the normal course of the Attorneys' business, and the Attorneys conducted the nonjudicial foreclosure without interference from the Association.

80. Similarly, the business judgment rule applies because, among other reasons, the Association sought the Attorneys' advice in good faith, the Association sought the Attorneys' advice with the care that an ordinarily prudent person in a like position would exercise under similar circumstances, and the Association sought the Attorneys' advice in a manner the Association believed was in its best interest.

81. Therefore, the Association is entitled to the following declarations: (i) the Attorneys provided professional legal services to the Association free of control or direction by the Association, (ii) the Attorneys were free to conduct their work in their own way, (iii) the Attorneys' business typically provided these same types of legal services and the Attorneys provided the legal services to the Association in the normal course of the Attorneys' business, (iv) the

16

Attorneys conducted the nonjudicial foreclosure without interference from the Association, and (v) the Attorneys were independent contractors to the Association.

      82.    The Association is also entitled to the following declarations: (i) the Association sought the Attorneys' advice in good faith, (ii) the Association sought the Attorneys' advice with the care that an ordinarily prudent person in a like position would exercise under similar circumstances, (iii) the Association sought the Attorneys' advice in a manner the Association believed was in its best interest, and (iv) the Association used "business judgment" and the business judgment rule applies.

WHEREFORE, the ASSOCIATION respectfully requests that judgment be entered in its favor and against the ATTORNEYS as follows:

    A.    For the Court to find in favor of the Association and against the Attorneys in each and every count in this Cross-claim;

    B.    An award of damages be entered in favor of the Association and against the Attorneys in an amount to be proven at trial;

    C.    An award of treble damages be entered in favor of the Association and against the Attorneys;

    D.    An award of prejudgment interest and reasonable attorneys' fees and costs be entered in favor of the Association and against the Attorneys;

886040.1

  E. Declaratory relief;

  F. For such other and further relief as this Court deems just and proper.

  DATED: Honolulu, Hawaii, October 9, 2020.

        <u>/s/ Jai W. Keep-Barnes</u>
        DAVID R. MAJOR
        GRANT FASI ALLISON
        JAI W. KEEP-BARNES

        Attorneys for Defendant
        ASSOCIATION OF APARTMENT
        OWNERS OF TERRAZZA/
        CORTEBELLA/LAS BRISAS/TIBURON,
        by and through Its Board of Directors

886040.1